Filed 1/24/22  P. v. Manzano CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>FRANCISCO MANZANO,<br><br>　　Defendant and Appellant. | D078762<br><br><br><br>(Super. Ct. No. CF-11489) |

APPEAL from an order of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2004, a jury found Francisco Manzano guilty of two counts of criminal threats (Pen. Code,[1] § 422), and one count of possession of a firearm by a felon (§ 12021, subd. (a)(1)).  Manzano was acquitted of the remaining

---

1　All further statutory references are to the Penal Code.

counts and the jury found not true an alleged enhancement for the personal use of a firearm.

In a bifurcated trial, the court found true two prior strike convictions (§ 667, subds. (b)-(i)).

The court reduced the criminal threat convictions to misdemeanor. Manzano was sentenced to an indeterminate term of 25 years to life in prison for possession of a firearm by a felon.

Manzano appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Manzano*, D044688 (Aug. 2, 2005).)

In 2021, Manzano filed a petition to modify his three strikes sentence under section 1170.126. Thereafter, the court appointed counsel, received briefing, and heard testimony and argument. At the conclusion of the hearing, the court denied the petition for resentencing.

Manzano filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Manzano the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has provided a statement of facts taken from our prior opinion. We will adopt that statement of facts for background information.

"On June 9, 2002, at approximately 3:00 p.m., Mark C. (Mark), who was then nine years old, was home alone in the house in which he lived with his mother, Claudia M. (Claudia) and his siblings. Mark received a telephone call from Manzano. Manzano is Claudia's ex-husband and he did not live

2

with Claudia's family.  Manzano told Mark he was coming over to the house.  Manzano sounded angry.  Mark did not want Manzano to come over because he was afraid of Manzano.  Later, Mark heard banging at the front door.  Mark looked out the window and saw Manzano, who was sweating and carrying a gun.  Mark was scared, but opened the door.

"Once inside the house, Manzano went to Claudia's room.  Manzano began to rip up photographs and ransack the room.  Seeing the destruction, Mark began to cry.  Manzano angrily told Mark to go to his room.  After Mark had gone to his room, Manzano came into Mark's room.  Manzano began to cry and told Mark he was going to kill Mark's mother and that if she did not return home, he would kill Mark.  Mark was stunned and scared.  He continued to cry.  Manzano went back into Claudia's room and took several pieces of Claudia's jewelry.

"About 10 to 20 minutes after Manzano arrived at the house, Mark's brother Michael M. (Michael) and his friend George C. (George) came to the house.  Michael saw that Manzano had a gun in the waistband of his pants.  Michael talked with Mark, who told Michael about Manzano's threats.  Michael saw Manzano take a drink of alcohol and he also smelled alcohol on Manzano's breath.  Michael saw Manzano loading the gun with bullets taken from his pocket.  Michael was scared.  He and George left the house.  Michael and George went to George's house, where they called the police.

"In the meantime, at Claudia's house, Manzano asked Mark if he wanted to go out and get something to eat.  Mark did not want to go with Manzano but agreed to do so because he thought he could get help while the two were out in public.  Before they left the house, Manzano ripped the telephone from the wall.  As they were leaving, Manzano saw a car parked nearby and thought it was the police.  Manzano rushed back inside the house

3

and ripped a screen from the window of a bedroom at the east side of the house.  Manzano jumped out the window and called to Mark to come with him.  As he was fleeing, Manzano jumped over a fence and again called for Mark to come with him.

"Officers Armando Orozco and Francisco Uriarte of the Calexico Police Department and several other officers went to Claudia's house in response to a telephone call about a man with a gun.  While searching for Manzano outside Claudia's house, Uriarte saw Manzano holding Mark's hand.  Uriarte yelled, 'He's over here.'  Manzano released Mark and ran back toward the house.  Orozco drew his gun, pointed it at Manzano and told him to halt.  Manzano continued to flee.  He was eventually captured and arrested by Uriarte and several other officers.  The police searched Manzano and found several pieces of Claudia's jewelry in his pocket.  The police also found a loaded gun near Claudia's house.  During the ride to the police station, Manzano continually threatened to harm Orozco and his family.

"[¶] . . . [¶]

"Manzano testified at trial.  He admitted that on the day in question, he began drinking at 10:00 a.m., and that he went to Claudia's house sometime after 2:00 that afternoon.  He said he ransacked Claudia's room because he was jealous that Claudia was seeing another man.  He denied having a gun or threatening Mark.  He admitted making numerous threats to Officer Orozco after he was arrested."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738

4

(*Anders*), counsel had identified possible issues that were considered in evaluating the potential merits of this appeal.

    1.  Whether the jury verdicts and the not true findings on the firearm use enhancement precluded a finding by the trial court of ineligibility for resentencing under section 1170.126.

    2.  Whether the court erred in relying on the preliminary hearing transcript rather than the entire record of conviction.

    3.  Whether the trial court applied the correct standard of proof beyond a reasonable doubt when determining the presence of disqualifying factors.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Manzano on this appeal.

DISPOSITION

The order denying Manzano's petition for resentencing under section 1170.126 is affirmed.


HUFFMAN, J.

WE CONCUR:



McCONNELL, P. J.



HALLER, J.

5